[S. F. No. 822.   Department Two.—June 19, 1899.]

125  141
140  327

MICHAEL JOSEPH DOOLIN et al., Appellants, v. OMNIBUS
CABLE COMPANY, Respondent.

NEW TRIAL—CONDITIONAL ORDER—EXCESSIVE VERDICT—DAMAGES
FOR NEGLIGENCE—CONFLICTING EVIDENCE.—In an action to re-
cover damages for negligence, where the evidence was conflict-
ing as to the extent of the injuries sustained at the time of the
accident, which at that time appeared to be small, and as to
whether distressing symptoms afterward manifested were or
were not attributable to those injuries, the action of the trial
court in conditionally granting a new trial for an excessive
verdict of twenty thousand dollars' damages, unless plaintiff
should remit fifteen thousand dollars therefrom, is not an abuse
of discretion.

ID.—CONSTRUCTION OF CODE—"PASSION OR PREJUDICE"—INSUFFI-
CIENCY OF EVIDENCE.—In the provision of subdivision 5 of sec-
tion 657 of the Code of Civil Procedure, for the granting of a
new trial for "excessive damages, appearing to have been given
under the influence of passion or prejudice," the only means
of discovering the element of "passion or prejudice" within the
meaning of the statute is by comparing the amount with the
evidence before the court at the trial; and that expression is
but one mode of saying that the evidence is insufficient to jus-
tify the verdict for excessive damages.

ID.—REVIEW UPON APPEAL—CONFLICTING EVIDENCE—DISCRETION.—
The review upon appeal of the action of the trial court in grant-
ing a new trial absolutely or conditionally for excessive dam-
ages, where there is a material conflict of evidence, will be gov-
erned by the same rule as to abuse of discretion, as if the
ground of the order were insufficiency of the evidence to justify
the verdict.

APPEAL from orders of the Superior Court of the City and
County of San Francisco, granting a new trial conditionally and
for failure to comply with the condition.   A. A. Sanderson,
Judge.

The facts are stated in the opinion.

Sullivan & Sullivan, for Appellants.

To justify a new trial for excessive damages, the verdict
must be so grossly excessive as to indicate passion or prejudice
of the jury, and to shock the moral sense.   The jury are the

judges of the amount, and not the court. (Code Civ. Proc., sec. 657, subd. 5; *Aldrich v. Palmer*, 24 Cal. 513; *Wheaton v. North Beach etc. R. R. Co.*, 36 Cal. 590; *Wilson v. Fitch*, 41 Cal. 386; *Lee v. Southern Pac. R. R. Co.*, 101 Cal. 118; *Harris v. Zanone*, 93 Cal. 59; *Howland v. Oakland etc. Ry. Co.*, 110 Cal. 513; *Meeks v. St. Paul*, 64 Minn. 220; *Nelson v. West Duluth*, 55 Minn. 497; *Lucier v. Larose* (N. H.), 20 Atl. Rep. 249; *Hall v. Chicago etc. Ry. Co.*, 46 Minn. 439; *Western Union Tel. Co. v. Proesch*, 72 Tex. 654; 13 Am. St. Rep. 843; *Sheehy v. Kansas etc. Ry. Co.*, 94 Mo. 574; 4 Am. St. Rep. 396; *Solen v. Virginia etc. R. R. Co.*, 13 Nev. 106; *Louisville, N. O., etc. R. R. Co. v. Thompson*, 64 Miss. 584; *Groves v. Rochester*, 39 Hun, 11; *Koetter v. Manhattan etc. Ry. Co.*, 59 Hun, 623; 13 N. Y. Supp. 458, 462, 463.)

W. H. L. Barnes, for Respondent.

There was no abuse of discretion in this case, under the evidence. The court had discretion to make the conditional order granting a new trial for excessive damages. (*Davis v. Southern Pac. Co.*, 98 Cal. 13, and numerous cases there cited; *Garoutte v. Haley*, 104 Cal. 497; *Brooks v. San Francisco etc Ry. Co.*, 110 Cal. 173.)

BRITT, C.—Defendant, a street railway corporation, was engaged in the business of transporting passengers for hire on certain streets of the city of San Francisco. On November 17, 1891, the plaintiff, Mary J. Doolin, wife of Michael J. Doolin, who joins with her in this action, was a passenger on one of defendant's cars; the driver in charge thereof lost control of the horses by which the car was drawn and they pulled the car from the track and down an embankment; plaintiffs allege in their complaint that this was in consequence of the negligence of the defendant and its servant, the driver, and that thereby said Mary was violently thrown against the seat and floor of the car and sustained severe personal injuries for which they pray damages.

The trial of the action was commenced on September 25, 1893, and was concluded October 9, 1893. The evidence for plaintiffs tended to show that as the result of said accident Mrs. Doolin fell on the floor of the car and sustained, besides some minor hurts, a concussion of the spine which drew after it a train of evil con-

sequences, such as great nervous debility, incompetence to walk without assistance, retention of urine, incoherence of speech, impaired vision, impaired memory, sleeplessness, hysterical and other effects, all of which, her counsel claim, "rendered her a physical wreck and seriously impaired her mind and memory." She appeared at the trial as a witness on her own behalf. There was evidence for both sides that on May 8, 1893, an examination of Mrs. Doolin, with a view to ascertaining her physical and mental condition, was made by some medical gentlemen—three of them acting at the instance of the defendant, and three or four others on behalf of the plaintiffs. Several of them testified at the trial—both those for plaintiffs and those for defendant— that upon such examination they discovered that the patient had either a uterine or ovarian tumor—they differing as to its precise locality—which was then about the size of a cocoanut; and plaintiffs' family physician, who participated in such examination, testified that at time of trial such tumor had become about four times as large as it appeared to be when first discovered. Most of the medical witnesses expressed the opinion that concussion of the spine would not produce the tumor; though one of those called for plaintiffs stated that "it could have been produced by a shock to the patient in this way, that from the fact of a hemorrhage having followed from the blow a certain amount of fluid may have been thrown out into the intestices of the womb, and that may have become a nidus for a tumor."

For the defendant there was further evidence tending to show that the embankment down which the car was drawn was but slight and that the car was not overturned; that Mrs. Doolin was not thrown down; that she then exhibited no signs of injury; that she stated to several persons then and on the following day that she was not hurt but had been frightened and made a little nervous; and that the symptoms she subsequently manifested were those of hysteria or other ailments not dependent upon concussion of the spine—important among which was the tumor above mentioned.

There was a verdict for plaintiffs in the sum of twenty thousand dollars. Defendant moved for a new trial, upon the grounds, among others, that the damages are excessive, and appear to have been given under the influence of passion or pre-

judice; that the evidence is insufficient to justify the verdict; and newly-discovered evidence, material for defendant, which it could not with reasonable diligence have discovered and produced at the trial. At the hearing of the motion it was a fact admitted on both sides that ten days after the trial, viz., on October 19, 1893, Mrs. Doolin gave birth to a child at full term, which, however, was stillborn, and that she had not been affected with a tumor at all. In an affidavit of Mrs. Doolin she stated that she did not know of her pregnancy until a day or two before the birth of the child; that until then she was advised by reputable physicians and believed that her symptoms in that particular were due to the presence of a tumor. The court made an order that unless plaintiffs remit the sum of fifteen thousand dollars from the judgment a new trial would be granted; the order concluding with the statement that it was made "on the sole ground that the verdict herein is excessive." Plaintiffs not complying with such condition, the court ordered finally that the motion for new trial be granted "on the sole ground that said verdict is excessive." This appeal is from both of said orders.

Plaintiffs contend that it is only when excessive damages appear "to have been given under the influence of passion or prejudice" (Code Civ. Proc., sec. 657, subd. 5), that the court can make such excess the ground for a new trial; and that in the present instance the evidence so clearly shows the verdict to have been intrinsically reasonable that the action of the court in requiring the plaintiffs to remit fifteen thousand dollars therefrom as the condition of denying a new trial was an abuse of discretion. To say that a verdict for damages was enhanced by passion or prejudice is one mode of saying that the evidence did not justify it; and the only means of discovering therein the element of passion or prejudice, within the meaning of the statute, is by comparing the amount with the evidence which was before the court at the trial. (*Harrison v. Sutter Street Ry. Co.*, 116 Cal. 156.) Whatever may be the rule which should govern the trial judge, it is certain that when his action in granting a new trial on the ground of excessive damages, or requiring a reduction of the amount as the condition of denying one, comes to be reviewed on appeal, his order will not be reversed unless it plainly appears that he abused his discre-

tion; and the cases teach that when there is material conflict of evidence regarding the extent of damage the imputation of such abuse is repelled, the same as if the ground of the order were insufficiency of the evidence to justify the verdict.   The record of the case just cited from 116 California, shows that precisely the same practice was pursued there as in the present case; the court ordered that defendant's motion for a new trial be denied provided the plaintiff would consent to a reduction of his verdict from eight thousand dollars to four thousand dollars; plaintiff refused, and the rule was made absolute on the sole ground that the verdict was excessive; on appeal, the plaintiff urged the same objections that plaintiffs make here—that the record did not indicate passion or prejudice in the verdict of the jury, and that the trial judge had no proper control over it.   But this court pointed out that there was evidence regarding the amount of damage upon which the views of men might differ, and said: "Every intendment is to be indulged here in support of the action of the court below, and it will not be disturbed if the question of its propriety be open to debate."   Accordingly the order was affirmed. (See, further, *Townsend v. Briggs*, 88 Cal. 230; *Domico v. Casassa*, 101 Cal. 411; *Lee v. Southern Pac. R. R. Co.*, 101 Cal. 118; *Mills v. Oregon Ry. & Nav. Co.*, 102 Cal. 357.)   Since in the case before us the court below saw the person injured and heard her testimony, since the evidence was conflicting concerning the extent of the injuries she sustained at the time of the accident, and whether the distressing symptoms which she afterward manifested were attributable to those injuries was in considerable measure a question of opinion upon which experts differed, it is plain that the case is not such that we can say the court was without data upon whch to revise the verdict.

Plaintiffs say, however, that the opinions which assigned the cause of Mrs. Doolin's illness in any degree to the presence of a tumor in her genital organs are shown to have been mistaken. This is a fact, and as both sides rely on it to maintain their respective views touching the action of the court in requiring a reduction of the amount of the verdict, we are justified in considering it pertinent to that question, although it was developed by affidavit to support the branch of defendant's motion assigned on newly-discovered evidence.   But it must be remembered in

this connection that some of the expert testimony for plaintiffs tended to attribute the supposed tumor itself to the shock of the accident. Since the time of Mr. Pope it has been often inquired, 'Who shall decide when doctors disagree?' The case at bar shows that gross error may lurk in their conclusions even when they have agreed; by which we mean no reflection upon the learned and very important profession of which the expert witnesses at the trial seem to have been respectable members, for all opinion evidence is from its nature fallible to a degree beyond that of most other kinds of evidence which the law deems competent. The evidence here for both parties having been so largely of that character, there seems to be on that account less reason for impugning the discretion which allowed a new trial. We cannot see that the orders appealed from were an abuse of such discretion; they should therefore be affirmed.

Cooper, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the orders appealed from are affirmed.

McFarland, J., Temple, J., Henshaw, J.

Hearing in Bank denied.