[L. A. No. 1120.   Department Two.—November 6, 1903.]

NELLIE SWETT, Appellant, v. JOHN A. GRAY, Respondent.

MOTION FOR NEW TRIAL—AMENDMENTS OF STATEMENT—CURE OF DEFECTIVE SPECIFICATIONS—DISCRETION OF JUDGE.—Amendments to the statement on motion for new trial to cure defective specifications, and to embody the question, answer, objection, and ruling in each instance as shown by the record, instead of referring to them only by number, were properly allowed in the discretion of the judge, under section 659 of the Code of Civil Procedure.

ID.—NOTICE OF MOTION TO AMEND—APPELLANT NOT INJURED.—The appellant was not injured because not served with notice of the motion

to amend the statement, if served with notice of the proposed amendments, and, being present at the hearing of the motion, offered no further amendments, and did not object to the matter proposed to be added, but merely objected generally to any amendment.

ID.—AMENDMENTS TREATED AS PART OF STATEMENT—ABSENCE OF RE-ENGROSSMENT.—Where the minutes of the court show that the amendments to the statement were allowed, and that they were before the court when the motion for a new trial was passed upon, and were referred to in the motion, and were considered by the court in passing upon the motion, and were treated both by the court and by the parties as part of the statement, although not re-engrossed, as would have been proper, no injury was done to appellant by the amendments, or by failure to embody them in a re-engrossed statement, and they may be considered as part of the statement.

ID.—JURISDICTION TO DETERMINE MOTION—PROPER SPECIFICATIONS.—Where, besides the defective specifications sought to be cured by the allowed amendments, there were other specifications in the engrossed statement amply sufficient to point out the particulars in which it was claimed the court was authorized to grant a new trial, the court clearly had jurisdiction to determine the motion.

ID.—CONDITIONAL ORDER GRANTING NEW TRIAL—ACTION FOR SEDUCTION—REMISSION OF DAMAGES.—The court had power in an action for seduction to make a conditional order granting a new trial after judgment for the plaintiff unless the plaintiff should remit a portion of the damages. Such order does not necessarily assume that the order was made on the ground of passion and prejudice having influenced the verdict.

ID.—GROUNDS OF ORDER—CONFLICTING EVIDENCE.—Where the record does not disclose the ground of the conditional order granting a new trial, it may be sustained upon any ground assigned; and where there was conflicting evidence as to whether the defendant was guilty of the seduction charged, as to the previous good character of the plaintiff for chastity, truth, and veracity, and as to the amount of damages, and there were specifications of insufficiency of the evidence to justify the verdict in these respects, it cannot be said that the court erred in making the order appealed from.

ID.—SUFFICIENCY OF COMPLAINT—NEW TRIAL.—The question of the sufficiency of the complaint cannot be considered on motion for a new trial, where there is no appeal from the judgment.

ID.—APPEAL FROM CONDITIONAL ORDER—REFUSAL OF REMISSION—EXERCISE OF OPTION.—Where the appellant by appeal from the conditional order in effect refused to remit any part of the judgment, or to abide by the terms of the order, the appeal was an exercise of the appellant's option, and this court will not upon affirming the order granting a new trial fix any time within which such remission may be made.

APPEAL from an order of the Superior Court of River-
side County granting a new trial. Lucien Shaw, Judge pre-
siding.

The facts are stated in the opinion.

Gibson & Gill, for Appellant.

The verdict of the jury should not have been interfered
with by the judge, the amount not being so grossly excessive
as to shock the moral sense and raise a presumption of passion
and prejudice. (*Wilson* v. *Fitch*, 41 Cal. 363; *Howland* v.
*Oakland etc. Ry. Co.*, 110 Cal. 523; *Harris* v. *Zanano*, 93 Cal.
71, 72); *Mize* v. *Hecht*, 130 Cal. 630.) The specifications in
the statement were insufficient to justify the order. (*Hall*
v. *Susskind*, 120 Cal. 559, 566; *McLeman* v. *Wilcox*, 126 Cal.
52; *Taylor* v. *Bell*, 128 Cal. 307.) There was no engrossment
of the amendment allowed, and the statement being unsettled,
the court had no jurisdiction to determine the motion. (*Hart*
v. *Burnett*, 10 Cal. 65; *Warner* v. *Thomas etc. Works*, 105
Cal. 412; *People* v. *Southern*, 118 Cal. 360; *Lucas* v. *Mayor,
etc.*, 44 Cal. 210.)

Kendrick & Knott, John G. North, Byron L. Oliver, Hart-
ley Shaw, and Byron Waters, for Respondent.

The order as made was within the discretion of the trial
court, and the order will be sustained on any ground assigned,
including insufficiency of evidence. (*Domico* v. *Casasa*, 101
Cal. 413; *Breckenridge* v. *Crocker*, 68 Cal. 403; *Nally* v. *Mc-
Donald*, 77 Cal. 284; *Harnett* v. *Central Pacific R. R. Co.*,
78 Cal. 33; *Anglo-Nevada etc. Corporation* v. *Ross*, 123 Cal.
522; *Mills* v. *Oregon etc. Co.*, 102 Cal. 359; *Warner* v. *Thomas
etc. Works*, 105 Cal. 411; *In re Martin*, 113 Cal. 481; *Kauff-
man* v. *Maier*, 94 Cal. 269.) Overestimate of damages for
any other cause than passion or prejudice is ground for a
new trial or reduction of verdict for insufficiency of the evi-
dence. (*Etchar* v. *Orena*, 121 Cal. 270; *Dahntz* v. *Jessup*,
54 Cal. 119; *Bennett* v. *Hobro*, 72 Cal. 179; *Doolin* v. *Omni-
bus Cable Co.*, 125 Cal. 144.) The specifications as to in-
sufficiency of the evidence were sufficient to enable the
adverse party to insist upon all evidence bearing upon
the point going into the statement. (*American Type*

*Founders' Co.* v. *Packer,* 130 Cal. 459.) The order from which the appeal is taken shows that the amendments to the statement were allowed, and the motion was made upon the settled statement and amendments. The amendments are entitled to consideration here. (*Valentine* v. *Stewart,* 15 Cal. 387; *Loucks* v. *Edmondson,* 18 Cal. 203; *Low* v. *McCallan,* 64 Cal. 2.) The order granting the new trial became absolute for refusal of appellant to accept the condition. (*Sherwood* v. *Kyle,* 125 Cal. 652; *Brooks* v. *San Francisco etc. R. R. Co.,* 110 Cal. 177; *Davis* v. *Southern Pacific Co.,* 98 Cal. 13.)

CHIPMAN, C.—Seduction. The cause was tried by a jury, and plaintiff had the verdict assessing "the amount of damages at the sum of eight thousand two hundred and fifty dollars, as compensatory damages, and five thousand and fifty dollars as exemplary damages." Judgment was entered that plaintiff recover from defendant "the sum of thirteen thousand and three hundred dollars," and costs assessed, etc. Defendant moved for a new trial, and on hearing the motion the court, on May 4, 1901, "ordered that a new trial be granted, unless plaintiff, within ten days, in writing, remits all of the judgment in excess of $5,000, and if plaintiff shall remit the sum of $8,300 from the judgment within ten days, then and in that case the motion for a new trial will be denied." Plaintiff did not remit any part of the judgment, but on May 10, 1901, without waiting the ten days mentioned in the order, served notice of appeal from this order and now contends: 1. That the "trial court did not exercise a proper legal discretion in granting a new trial," on the terms stated; and 2. That the court had no jurisdiction to determine the motion, and the order is therefore void.

1. As to the second of these points, the first calling for attention, the jurisdiction of the court is challenged on two grounds: 1. The specifications of insufficiency of the evidence to justify the verdict are themselves insufficient, and are inapplicable where a new trial is sought on the ground of damages given through passion or prejudice; and 2. Because the court allowed the amendments to the proposed statement at the hearing of the motion after the statement had been settled and signed by the judge. The proposed statement

was settled and allowed and signed by the judge on February 27, 1901. On March 1, 1901, defendant, by his counsel, filed certain amendments to the proposed statement. These amendments are indorsed by the clerk: ''Received for the judge who tried the cause this 6th day of February, 1901,'' and on the same day a copy was served on plaintiff's counsel and acknowledged by them. No objection to the proposed amendments was noted in the acknowledgment. On May 4, 1901, as shown by the minutes of the court, counsel for defendant ''moved the court for an order granting leave to file amendments to statement on motion for new trial.'' Plaintiff objected ''on the ground that plaintiff has had no notice of the motion. Objection overruled and motion granted. Plaintiff excepts.'' Defendant then moved for a new trial ''on the grounds set forth in his statement on motion for a new trial and the amendments thereto.'' This motion was argued by respective counsel without further objection by plaintiff, and the court made the order already noticed. We have what purport to be the minutes of the court, made at the time the motion for a new trial was argued and passed upon. These minutes show that the proposed amendments were before the court at the time that motion was before it, and were then allowed, and they were referred to in the motion for a new trial, made at the same time the amendments were allowed. I think it sufficiently appears that the proposed amendments were considered by the court in making the order appealed from and the record made of the proceedings then had may be considered here. Appellant was not injured because not previously served with notice of the motion to amend the statement. She had actual notice of the proposed amendments by service of them upon her counsel two months before the motion. At the hearing of the motion she offered no amendments and did not object to the matter proposed to be added to the statement, but objected generally to any amendment. The specifications in the notice of the motion failed to state the rulings on certain questions and answers of witnesses duly objected to by defendant, but referred to them only by number. The amendments embodied the question, answer, objection, and ruling in each instance as shown by the record, and were in fact amendments of the specifications in the notice of the motion. The amendments

were proper under section 659 of the Code of Civil Procedure, and it was within the discretion of the judge to allow them. (*Warner* v. *Thomas etc. Works,* 105 Cal. 409. Upon the question of notice, see *People* v. *Southern,* 118 Cal. 359.) It is urged by appellant, however, that the statement should have been re-engrossed, with the amendments embodied in the re-engrossment, and then recertified by the judge, and this not having been done, there is no statement before the court, and the order was without authority. If these amendments were improperly allowed, the effect would not necessarily be to vacate the already settled statement, but would simply leave the original statement undisturbed as previously settled. The proper course perhaps would have been as taken in *Warner* v. *Thomas etc. Works,* 105 Cal. 409,—namely, to move the court to vacate the settlement and allowance of the statement, with leave either to re-engross the same and place the proposed amendments therein or to have them deemed to be so re-engrossed, settled, and allowed. As we have seen, however, the amendments were treated by the court and by the parties as part of the statement. No injury was done to plaintiff, either by the amendments thereto or failing to embody them in a re-engrossed statement, and we think they may be considered as part of the statement. It cannot be said, therefore, that the court made the order without having any statement before it, as claimed by appellant. (See *Valentine* v. *Stewart,* 15 Cal. 387; *Loucks* v. *Edmondson,* 18 Cal. 203; *Low* v. *McCallan,* 64 Cal. 2. See, also, Hayne on New Trial, p. 476.)

Upon the other objection we think the specifications without the amendments clearly fall within the rule laid down in *American Type Founders' Co.* v. *Packer,* 130 Cal. 459. There were defective specifications, but there were others amply sufficient to point out the particulars in which it is claimed the court was authorized to grant a new trial.

2. The remaining point relied on by appellant is, that the court had no authority to make the order reducing the judgment, and the discussion of the point by appellant proceeds upon the erroneous assumption that the trial court made the order on the ground of passion or prejudice having influenced the verdict. The motion was made on most of the statutory grounds, including insufficiency of the evidence to justify the

verdict, and that the verdict is against law, but did not include subdivision 5 of section 657 of the Code of Civil Procedure,— namely, ''Excessive damages appearing to have been given under the influence of passion or prejudice.'' The order does not disclose, and nothing in the case shows the ground on which it was made. But if it had done so, this court will review the entire record upon which the order is based, and the order will be affirmed if any error be found which would have justified the court in making it; and so, also, where the order was silent as to the ground on which it was made. (*Kauffman* v. *Maier,* 94 Cal. 269; *People* v. *Flood,* 102 Cal. 330; *Tibbetts* v. *Bower,* 121 Cal. 7; *Anglo-Nevada etc. Corporation* v. *Ross,* 123 Cal. 520.) It was said in *Sherwood* v. *Kyle,* 125 Cal. 652, the action being for slander: ''Except where one ground is as to the sufficiency of the evidence, and this only as to the ruling upon that one point, it is utterly immaterial here upon what ground the new trial was granted. The respondent may defend the ruling upon any point involved in his motion.'' It was also said in this case: ''The power of the court to make a conditional order of this character is thoroughly settled in this state.'' Where the order is made by the court on the ground that the damages were given under the influence of passion or prejudice, as was the case in *Sherwood* v. *Kyle,* 125 Cal. 652, the rule is stated to be as claimed by appellant,—namely, ''The judge should not grant a new trial merely because he deems the verdict excessive, unless it is so excessive as to indicate that it was the result of passion or prejudice.'' But where the court makes the order without assigning the ground on which it was made, the order, as we have seen, may be supported upon any point involved in the motion. If the court excludes the ground of insufficiency of the evidence by direct language, and the record shows a conflict of evidence, ''the court, upon the same principle that caused it to affirm an order granting or denying a new trial upon that ground, will accept the conclusion of the trial court and not re-examine the evidence.'' (*Kauffman* v. *Maier,* 94 Cal. 269.) That the evidence is insufficient to justify the verdict or other decision is a ground distinct from that of damages appearing to have been given under the influence of passion or prejudice, and the court may grant a new trial where in its judgment the evidence is insufficient

to justify the verdict without regard to the question as to whether the verdict was the result of passion or prejudice; and "as the granting or denying a motion for a new trial upon the ground that the decision or verdict was contrary to the evidence is largely within the discretion of the trial court, its action will not be reversed unless its discretion in this respect has been abused, whether this be the only ground upon which the motion is made or only one of the several statutory grounds." (*People* v. *Flood,* 102 Cal. 330.) In the present case there was a conflict upon the question as to whether defendant was guilty of the seduction charged; there was conflict as to the previous good character of the plaintiff for chastity, as to her character for truth and veracity, as to the evidence touching the amount of damage,—plaintiff testifying that she was ruptured and her attending physician testifying that there was no rupture. Upon the record before us we cannot say that the court erred in making the order.

3. The question of the sufficiency of the complaint cannot be considered on motion for new trial where there is no appeal from the judgment. (*Swift* v. *Occidental Mining Co.,* (Cal.) 70 Pac. 470.) Plaintiff appealed from the order before the ten days had expired, during which time she was given an option to remit a part of the judgment, and by so doing the order would have stood denied. She now asks that if the judgment be affirmed "that this court designate and fix in its judgment and decision a reasonable time within which plaintiff may, if she shall desire so to do, make such remission as specified in said order of the said superior court." The appeal, in effect, was a refusal by plaintiff to remit any portion of the judgment or abide by the terms of the order, and was an exercise of her option.

We do not think she should be permitted to appeal here on the assumption that she had all to gain and nothing to lose by the course taken.

It is advised that the order be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

　　　　　　　　　　McFarland, J., Lorigan, J., Henshaw, J.