[Civ. No. 1688. First Appellate District.—February 25, 1916.]

## HENRY MEINBERG, Appellant, v. CATHERINE E. JORDAN et al., Respondents.

NEW TRIAL—APPEAL—DISCRETION OF TRIAL COURT.—An order granting a new trial will not be disturbed upon appeal save upon a showing of an abuse of the discretion vested in the trial court.

ID.—AFFIRMANCE OF ORDER—MOTION UPON SEVERAL GROUNDS.—An order granting a new trial must be affirmed without regard to the ground upon which it is specifically based if it could be rightfully granted upon any of the grounds upon which the motion was made, subject, however, to the exception that in passing upon the correctness of the order the appellate court may not consider the insufficiency of the evidence when the lower court by direct language expressly excludes such ground as a basis for its order.

ID.—EXCESSIVE DAMAGES—IMPLICATION OF INSUFFICIENCY OF EVIDENCE.—An order granting a new trial in an action for damages

for personal injuries upon the sole ground that the damages awarded to the plaintiff are excessive does not fall within the exception to the rule, but implies that the motion was granted upon a consideration of the insufficiency of the evidence to support the verdict.

ID.—INSUFFICIENCY OF EVIDENCE—QUESTION FOR TRIAL COURT.—Upon a motion for a new trial in an action for damages for personal injuries, the probative force and effect of the evidence as to the nature and the extent of the injuries, and the damages resulting therefrom, is for the determination of the trial court, notwithstanding there is no conflict in the evidence.

ID.—ACTION FOR PERSONAL INJURIES—ASSAULT AND BATTERY—EXCESSIVE DAMAGES—ORDER GRANTING NEW TRIAL—DISCRETION NOT ABUSED.—In this action for damages for personal injuries sustained as the result of an assault and battery, it is held that no abuse of discretion was committed in granting the motion for a new trial on the sole ground that the verdict in the sum of $750 was excessive.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting a new trial. Franklin A. Griffin, Judge.

The facts are stated in the opinion of the court.

Perry & Dailey, for Appellant.

Jordan & Brann, for Respondents.

LENNON, P. J.—In this action the plaintiff recovered a judgment upon the verdict of a jury against the defendants in the sum of $750, as damages for personal injuries alleged to have been inflicted upon the plaintiff as the result of an assault and battery committed upon him by the defendant Catherine E. Jordan, wife of the defendant F. J. Jordan. The appeal is from an order granting the defendants' motion for a new trial upon "the sole ground that the damages awarded to the plaintiff . . . are excessive."

It is the well-settled rule that an order granting a new trial will not be disturbed upon appeal save upon a showing of an abuse of the discretion vested in the trial court. The defendants' motion for a new trial in the present case was based upon all of the statutory grounds; and it is equally well settled that an order granting a new trial must be affirmed without regard to the ground upon which it is specifically

based if it could be rightfully granted upon any of the grounds upon which the motion was made. The latter rule is subject to the exception that in passing upon the correctness of the order granting a new trial the appellate court may not consider the insufficiency of the evidence when the lower court "by direct language" expressly excludes that ground as a basis for its order. (*Newman* v. *Overland etc. Ry. Co.,* 132 Cal. 74, [64 Pac. 110] ; *Ben Lomond Wine Co.* v. *Sladky,* 141 Cal. 619, [75 Pac. 332] ; *Gordon* v. *Roberts,* 162 Cal. 506, [123 Pac. 288] ; *Cahill* v. *E. B. & A. L. Stone Co.,* 167 Cal. 127, [138 Pac. 712].) The order appealed from in the present case does not fall within the exception stated. It neither expressly nor impliedly excludes the insufficiency of the evidence as one of the grounds for its making. To the contrary, the reason assigned for its making implies that it was granted upon a consideration of the insufficiency of the evidence to warrant and support the finding of the jury that the plaintiff had been damaged in the sum of $750.

The declaration of the court that such sum was "excessive" does not necessarily mean that the trial court was of the opinion that the verdict was the result of passion or prejudice. It is susceptible of the interpretation that the trial court was not satisfied that the finding of the jury as to the extent of the damage suffered by the plaintiff was supported by the evidence adduced upon that phase of the case.

Conceding, as plaintiff's counsel contends, that there is no conflict in the evidence as to the nature and extent of the injuries and the damages resulting therefrom, nevertheless the probative force and effect of the evidence upon that phase of the case was ultimately for the determination of the trial court upon the hearing of the motion for a new trial; and in the absence of a showing of an abuse of discretion its order granting a new trial will not be disturbed by this court. The rule in this behalf is stated in the case of *Otten* v. *Spreckels,* 24 Cal. App. 251, 257, [141 Pac. 224], where it is said that "Even in cases where there may not appear to be a conflict in the evidence, and where all the proofs seem to be favorable to one or the other of the litigants, the question of the probative force or evidentiary value of the testimony in a proceeding on a motion for new trial based upon the ground that the evidence is insufficient to justify the verdict is one whose determination is with the trial court. The rule (elementary

and commonly familiar in our system of jurisprudence) is that the plaintiff in a civil action must establish his cause by a preponderance of proof; but although many witnesses may testify directly in favor of his position, and no adversary testimony directly adduced, it is still with the jury, in the first instance, and finally with the court, where a new trial is asked on the ground stated, to say whether such testimony, when subjected to the legal tests whereby the probative value of evidence is to be judged, measures up to the requirement of the law as to the degree of proof essential to the support of an issue of fact. Of course, as has frequently been asserted, neither the jury nor the judge, in such a case, can arbitrarily reject testimony received in proof of the ultimate fact, or even declare it to be unworthy of credence, but it is the duty of both, when exercising their respective functions with reference thereto, to consider and dispose of it in the light of the surrounding circumstances of the transaction constituting the subject matter of the litigation; and their action in that regard will not be disturbed on appeal where there appears to flow from the general surrounding circumstances of the case probable justification for discrediting or giving no weight to testimony which, on its face, may bear all the earmarks of probability.''

A consideration of the evidence concerning the damage done to the plaintiff by the assault and battery alleged to have been perpetrated upon him at the hands of the defendant Catherine E. Jordan has not convinced us that the order granting a new trial upon the ground stated therein was an abuse of discretion. Moreover, one of the grounds of the motion for a new trial was alleged newly discovered evidence, which, under the rule previously stated, may be considered upon appeal in support of the order, notwithstanding the order specified that it was granted solely upon another ground; and we are not prepared to say that the showing made by the defendant in that behalf was not in itself sufficient to warrant and support the order granting a new trial.

Upon the trial of the cause it was the contention of the plaintiff that the defendant Catherine E. Jordan was the aggressor in the altercation which resulted in the alleged injuries and damage to the person of the plaintiff. The defendants, on the other hand, insisted that it was the plaintiff who precipitated the encounter, and that whatever the defendant

Catherine E. Jordan did in the way of assaulting the plaintiff was done in necessary self-defense. The evidence upon this phase of the case was limited solely to the testimony of the plaintiff and the defendant Catherine E. Jordan. Needless to say, it was in sharp and substantial conflict. The alleged newly discovered evidence, as shown by affidavits filed and considered in support of the motion for a new trial, consisted of the proposed testimony of a witness to the affray, to the effect that the plaintiff, and not the defendant Catherine E. Jordan, was the aggressor therein. No objection is made that the defendants did not make a sufficient showing of reasonable diligence in an effort to discover and produce the newly discovered evidence upon the trial of the case; but it is insisted that such evidence ·is merely cumulative, and therefore was not sufficient to warrant the granting of a new trial. While it is true generally that newly discovered evidence which is merely cumulative in effect will not suffice to support a motion for a new trial, nevertheless if such evidence, notwithstanding its cumulative character, possesses sufficient probative force to render probable a different result upon a retrial of the case, it will then warrant and require an order granting a new trial. (*Cahill* v. *E. B. & A. L. Stone Co.*, 167 Cal. 127, [138 Pac. 712].) Manifestly, the alleged newly discovered evidence relied upon for a new trial by the defendants in the present case, if it had been produced at the original trial, would have been material to the defense of the defendants; and although it was but corroborative of the testimony of the defendant Catherine E. Jordan, and therefore cumulative in character, still in view of the sharp and substantial conflict in the testimony of the plaintiff and defendant Catherine E. Jordan as to who was the aggressor in the affray, we are not prepared to say that if the newly discovered evidence had been presented.to the jury in the first instance, the result of the trial would not have been different.

The order appealed from is affirmed.

Kerrigan, J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 24, 1916, and the following opinion then rendered thereon:

THE COURT.—The application for hearing in this court after decision of the district court of appeal of the first district is denied upon the first ground stated in the opinion of the district court of appeal, namely, that it cannot be held that there was error in the action of the trial court in granting defendants' motion for a new trial upon the "ground that the damages awarded to the plaintiff . . . are excessive."