[L. A. No. 16701.   In Bank.—September 26, 1938.]

A. S. KOYER et al., Appellants, v. C. L. McCOMBER et al., Respondents.

Laurence B. Martin and Frank S. Hutton for Appellants.

W. I. Gilbert, W. I. Gilbert, Jr., Jean Wunderlich, Mathes & Sheppard, William C. Mathes and Edwin C. Boehler for Respondents.

CURTIS, J.—Plaintiff, A. S. Koyer, was the owner of certain unimproved property in the counties of Los Angeles and Imperial. C. L. McComber was the owner of an apartment house in the city of Long Beach known as the Terry apartments. On May 18, 1932, they entered into an agreement whereby the plaintiff, A. S. Koyer, agreed to exchange his unimproved real property for the Terry apartments owned by C. L. McComber. Subsequently thereto the transaction was made a matter of escrow, resulting in a conveyance by A. S. Koyer and Martha M. Koyer, as husband and wife, of their unimproved property to C. L. McComber, and a conveyance by C. L. McComber, and his wife, Linnie H. McComber, of the Terry apartments to plaintiff, A. S. Koyer, and the latter entered into and took possession of said apartments. In these transactions the defendants, Holz and Jasper, acted as real estate brokers, the defendant Jasper, representing C. L. McComber. Pending the negotiations which finally led up to this exchange of properties, and on March 9, 1932, the defendant Holz sent a letter to plaintiff, A. S. Koyer, in which it was stated, among other things, that the Terry apartments was a reinforced structure, that the income from

the building during 1930 was $34,000 and that the expenses in that year were approximately $1,000 per month, including taxes; that the income during 1931 was between $29,000 and $30,000, with the expenses again running about $1,000 per month. A short time after plaintiff, A. S. Koyer, took possession of the Terry apartments and while arranging to make certain alterations in the basement of the building, he discovered that certain of the structural beams which had been represented to him as reinforced concrete were made of wood, and thereafter made further investigation from which he concluded that the building instead of being a class A reinforced concrete building, was not only not such a building, but was a class C building within the meaning of the ordinances of the city of Long Beach. Within a short time thereafter, Mr. Koyer had an audit made of the books of the apartment as kept by McComber previous to the exchange which tended to show that the Terry apartments instead of making the large profit set forth in the letter of March 9, 1932, from defendant Holz to plaintiff, A. S. Koyer, was yielding an income much less than that represented in said letter. Following the above investigation and discovery, the plaintiffs brought this action against Mr. and Mrs. McComber, the realty brokers, Holz and Jasper, and one Mitchell. The latter defendant defaulted, and for that reason it will not be necessary to again refer to the action in so far as it affects him.

The action is one in damages based upon the alleged fraudulent representations of defendants as to the character of the Terry apartments, and as to the income from said building. The facts upon which the plaintiffs base their claim for damages were set forth in considerable detail in their complaint. The defendants in their answer denied all allegations of the complaint which imputed to them fraud or any false representations either as to the character of the building or its income. The defendants, C. L. McComber and wife, filed a cross-complaint to which the plaintiffs filed an answer. The action was tried by the court with a jury, and resulted in a verdict and judgment in favor of the plaintiffs in the sum of $47,500 and that defendants, McComber and wife, take nothing by their cross-complaint. The defendants moved for a new trial on the ground, among others, of "excessive damages, appearing to have been given under the

influence of passion or prejudice" and also on the ground of "the insufficiency of the evidence to justify the verdict". The motion was granted on the ground of "the insufficiency of the evidence to justify the verdict of $47,500", and also on the ground of "the insufficiency of the evidence to justify the verdict". From this order the plaintiffs appealed. The case was one within the appellate jurisdiction of the District Court of Appeal. That court held respecting the ground of excessive damages that the evidence was in conflict concerning the amount of damages suffered by the plaintiff but that "there is nothing in the record indicating that the jury here was actuated by elements of passion or prejudice in believing and acting upon testimony which, if believed, justified a finding in favor of plaintiffs for the amount of damages awarded by the verdict". That court, for the reason that it did not appear to it that the verdict was given under the influence of passion or prejudice, accordingly reversed the order of the court granting a new trial upon the ground that the damages were excessive. We granted a petition for hearing after decision by the District Court of Appeal for the purpose of considering further the question of the power of the trial court to grant a new trial on the ground that the verdict was excessive where the evidence as to the amount of damages was conflicting. In submitting the case for argument before us, we requested counsel to give consideration to the two following questions:

(1) Was it within the power of the trial court, in the event evidence was conflicting as to the amount of damages, to grant a new trial for that reason, based upon the insufficiency of the evidence to support the verdict?

(2) Must it appear in order to sustain an order granting a new trial that the award of damages was the result of passion or prejudice?

Appellants in their brief filed in response to the submission of these two questions, did not discuss either of said questions, but attempted to show that there was no conflict in the evidence thus rendering it unnecessary to make any answer to the questions propounded by us. In endeavoring to show that there was no conflict in the evidence as to the amount of damages which appellants alleged they sustained by reason of the fraudulent representations of respondents, the appellants took the average valuation placed upon their

property as given by the witnesses of each party, and the average valuation of the Terry apartments, and from the average value of their property as shown by the testimony, they subtracted the average valuation placed upon the Terry apartments, and the difference in these two valuations they fixed as appellants' damage. In support of this method of ascertaining their damage by establishing the difference in the valuation of the two properties, they cite and rely wholly upon the case of *Ham* v. *County of Los Angeles,* 46 Cal. App. 148 [189 Pac. 462]. A mere reading of the decision in that case shows that it has no application to the question now before us, and cannot be considered as an authority in support of the appellants' contention that no conflict exists in the evidence in the instant case as to the amount of appellants' damages.

■ Referring to the evidence in the case upon the question of damages, the record shows that the main controversy revolved around the value of the Terry apartments, and that this evidence consisted of the testimony of three witnesses, two produced by the plaintiffs and one by the Mc-Combers. The testimony of one of plaintiffs' witnesses showed that the damage sustained by the plaintiffs equalled, if it did not exceed, the amount of the verdict. From the testimony of the other witness of the plaintiffs, it was shown that the amount of plaintiffs' damage was much less than the amount of the verdict, while the testimony of the defendants' witness showed that plaintiffs were not damaged in any amount, but that they actually made a profit by the transaction. It is evident that in this state of the record, the evidence as to the issue of damages showed a most glaring conflict. With the record in the case showing a distinct conflict in the evidence as to the amount of damages, was it within the power of the trial court to grant a new trial on the ground that the verdict of the jury fixing the amount of damages was excessive?

In the case of *Baker* v. *Board of Trustees, etc.,* 133 Cal. App. 243, 249 [23 Pac. (2d) 1071], the court said: "The amount of damages is committed to the sound discretion of the jury, and next, to the discretion of the judge of the trial court who, in ruling upon the motion for a new trial, may consider the evidence anew and set aside the verdict if it is not just."

In the case of *Parker* v. *Brown*, 13 Cal. App. (2d) 501, 505 [57 Pac. (2d) 183], we find the rule stated as follows: "The record also sustains the conclusion that the trial court felt that the implied findings of the jury as to the amount of compensatory damages suffered by plaintiffs and the amount of punitive damages the corporation was required to pay were not warranted by the evidence. Since all presumptions are in favor of the regularity of the order (*Philbrook* v. *Randall*, 195 Cal. 95, 104 [231 Pac. 739]), and since we must presume that the court had the matter of damages in mind when it made its order, it follows that the trial court would have a right to grant a new trial on the question raised with respect to damages alone. (*Dreyer* v. *Cyriacks*, 112 Cal. App. 279, 283, 284 [297 Pac. 35].)"

This court in the case of *Doolin* v. *Omnibus Cable Co.*, 125 Cal. 141, 144, 145 [57 Pac. 774], announced the same principle in the following language: "Whatever may be the rule which should govern the trial judge, it is certain that when his action in granting a new trial on the ground of excessive damages, or requiring a reduction of the amount as the condition of denying one, comes to be reviewed on appeal, his order will not be reversed unless it plainly appears that he abused his discretion; and the cases teach that when there is material conflict of evidence regarding the extent of damage the imputation of such abuse is repelled, the same as if the ground of the order were insufficiency of the evidence to justify the verdict. The record of the case just cited from 116 California, [*Harrison* v. *Sutter Street Ry. Co.*, 116 Cal. 156, 47 Pac. 1019] shows that precisely the same practice was pursued there as in the present case; the court ordered that defendant's motion for a new trial be denied provided the plaintiff would consent to a reduction of his verdict from eight thousand dollars to four thousand dollars; plaintiff refused, and the rule was made absolute on the sole ground that the verdict was excessive; on appeal, the plaintiff urged the same objections that plaintiffs make here—that the record did not indicate passion or prejudice in the verdict of the jury, and that the trial judge had no proper control over it. But this court pointed out that there was evidence regarding the amount of damage upon which the views of men might differ, and said: 'Every intendment is to be indulged here in support of the action of the court below, and

it will not be disturbed if the question of its propriety be open to debate.' "

In the case of *Swett* v. *Gray*, 141 Cal. 63, 69, 70 [74 Pac. 439], we find the following apt statement of the law upon this subject: "That the evidence is insufficient to justify the verdict or other decision is a ground distinct from that of damages appearing to have been given under the influence of passion or prejudice, and the court may grant a new trial where in its judgment the evidence is insufficient to justify the verdict without regard to the question as to whether the verdict was the result of passion or prejudice; and 'as the granting or denying a motion for a new trial upon the ground that the decision or verdict was contrary to the evidence is largely within the discretion of the trial court, its action will not be reversed unless its discretion in this respect has been abused, whether this be the only ground upon which the motion is made or only one of the several statutory grounds'. (*People* v. *Flood*, 102 Cal. 330 [36 Pac. 663].) "

These authorities unequivocally hold that it is within the sound discretion of the trial court in ruling upon a motion for a new trial on the ground of excessive damages, to grant the same when there is a substantial conflict in the evidence regarding the extent of the damage.

In *Meinberg* v. *Jordan*, 29 Cal. App. 760 [157 Pac. 1005], we find statements of the law upon this question both from the District Court of Appeal and from this court. In that case the District Court of Appeal states the rule as follows: (page 762) "The declaration of the court that such sum was 'excessive' does not necessarily mean that the trial court was of the opinion that the verdict was the result of passion or prejudice. It is susceptible of the interpretation that the trial court was not satisfied that the finding of the jury as to the extent of the damage suffered by the plaintiff was supported by the evidence adduced upon that phase of the case." In denying an application for a hearing in the Supreme Court, this court approved the ruling of the District Court of Appeal in the following language: "The application for hearing in this court after decision of the District Court of Appeal of the First District is denied upon the first ground stated in the opinion of the District Court of Appeal, namely, that it cannot be held that there was error in the action of the trial court in granting defendants' mo-

tion for a new trial upon the 'ground that the damages awarded to the plaintiff . . . are excessive'.''

The rule established by the decisions of this court appears to be that a trial court may, when there is a conflict of evidence upon the issue of damages, grant a motion for a new trial on the ground that the verdict is excessive, even if it does not appear to the trial court that the verdict was given under the influence of passion or prejudice, but, when a trial court has denied a motion for a new trial on the ground of the excessiveness of the verdict, on appeal the reviewing court may not reverse the order or reduce the verdict except upon a showing that it is so grossly disproportionate to any reasonable view of the evidence as to raise a strong presumption that it is based upon prejudice or passion. This is the rule announced in the case of *Dreyer* v. *Cyriacks,* 112 Cal. App. 279, 283, 284 [297 Pac. 35], where we find the following statement of the law: ''It may be conceded that the rule controlling in cases where the reviewing court is asked to reverse a judgment upon the ground of excessive verdict, after the trial court has refused to set aside the same, is that the verdict must stand unless it is so grossly disproportionate to any reasonable limit of compensation warranted by the facts as to shock the sense of justice, and raise at once a strong presumption that it is based on prejudice, passion or corruption, rather than sober judgment. (*Szasz* v. *Joyland Co.,* 84 Cal. App. 259 [257 Pac. 871]; *Reneau* v. *Hirsch,* 88 Cal. App. 1 [262 Pac. 1100]; *Morris* v. *Standard Oil Co.,* 188 Cal. 468 [205 Pac. 1073].) But where, as here, we are asked to review the act of the court, where in the exercise of its discretionary power it has seen fit to set aside the verdict on this ground, a very different rule prevails. Every intendment is to be indulged here in support of the action of the court below, and it will not be disturbed if the question of its propriety be open to debate. (*Harrison* v. *Sutter Street R. Co.,* 116 Cal. 156 [47 Pac. 1019].) Furthermore, where a trial court grants a new trial upon the ground that the verdict is excessive, the declaration of the court that it is excessive does not necessarily mean that the trial court was of the opinion that the verdict was the result of passion or prejudice. It is susceptible of the interpretation that the trial court was not satisfied that the finding of the jury as to the extent of damage suffered by the plaintiff

was supported by the evidence adduced upon that phase of the case. (*Meinberg* v. *Jordan*, 29 Cal. App. 760 [157 Pac. 1005, 1007].)''

The following cases bear upon the same subject and support the language just quoted: *Swett* v. *Gray, supra; Griffey* v. *Pacific Elec. Ry. Co.*, 58 Cal. App. 509, 512, 513, 514 [209 Pac. 45] ; *Muench* v. *Gerske*, 139 Cal. App. 438, 444 [34 Pac. (2d) 198] ; *Turner* v. *Whittel*, 2 Cal. App. (2d) 585, 589 [38 Pac. (2d) 835] ; *Holden* v. *Patten-Blinn Lumber Co.*, 7 Cal. App. (2d) 220, 224 [45 Pac. (2d) 1037]. These authorities compel the affirmance of the order granting a new trial on the ground that the damages were excessive.

■ We think it unnecessary to discuss the further ground upon which the motion for a new trial was granted—that is, that the evidence was insufficient to justify the verdict finding the defendants guilty of fraud in said transaction. Conceding that there was sufficient evidence to support the verdict as to all answering defendants, it is apparent that there was a substantial conflict in this evidence in respect to the character of the Terry apartments,—that is, whether it was a class A building or one of lesser grade—also as to the net income derived therefrom, and as to certain representations which the plaintiffs claimed were made by the defendants respecting these matters. This conflict was evidently resolved by the trial court in favor of the defendants and, as shown by the authorities heretofore cited, all intendments are to be indulged in by a reviewing court in support of the action of a trial court in passing upon a motion for a new trial, and it will not be disturbed if the question of its propriety be open to debate. The order of the trial court simply granted a new trial, and did not limit the second trial to any particular issue. The case was therefore thrown open for trial upon all issues made by the pleadings.

■ Appellants make the further contention that the trial court resorted to an erroneous method of fixing the amount of damages prescribed in section 3343 of the Civil Code as amended in 1935. This section provides that in actions like the instant one the measure of damages is the difference between the actual value of that with which the defrauded party parted and the actual value of that which he received. We are unable to perceive how the appellants can avail themselves of this action of the court, even if the court

acted erroneously. Appellants are endeavoring to reverse the order of the trial court in granting a new trial. Can they do so by showing that the trial court committed error during the trial? If the court adopted an erroneous method of fixing damages, then this error would be a proper ground for the granting of a new trial, and not a ground for reversing the order granting a new trial. We express no opinion as to the contention that the court applied the wrong rule as to the measure of damages for the reason that the question has not in our opinion been sufficiently argued.

The order granting a new trial is affirmed.

Shenk, J., Langdon, J., Houser, J., Seawell, J., and Waste, C. J., concurred.