[Civ. No. 16093. First Dist., Div. One. Dec. 28, 1954.]

MARK STROSK, Respondent, v. HOWARD TERMINAL COMPANY, Appellant.

Weinmann, Rode, Burnhill & Moffitt and Cyril Viadro for Appellant.

Benner & Harris and Arthur Harris for Respondent.

WOOD (Fred B.), J.—Plaintiff brought this action to recover for a permanent injury to his hand, incurred when he tripped over a steel plate on an unlighted portion of defendant's dock while returning home from his employment as a relief engineer aboard a ship berthed at the dock. The jury awarded him damages in the sum of $16,000, which was reduced to $14,000 by the trial judge, with the consent of plaintiff, as a condition of the denial of defendant's motion for a new trial.

In support of its appeal the defendant claims an instruction on the measure of damages was prejudicially erroneous and that the judgment as reduced is still excessive.

The questioned instruction read as follows: "The fact that plaintiff was not in receipt of salary or wages of a chief marine engineer at the time of the accident does not deprive him of the right to compensation for loss of his earning capacity, since it was what he was capable of earning rather than what he was actually earning that is to be considered by the jury. If by reason of the injury he has become unable to

perform the labor which he was accustomed to transact or perform prior to the injury, he is entitled to recover damages for the effect of the injury upon his earning capacity.'' This instruction, as an abstract proposition of law, is unobjectionable. (See *Hicks* v. *Ocean Shore R., Inc.* (1941), 18 Cal. 2d 773, 784 [117 P.2d 850] ; *Storrs* v. *Los Angeles Traction Co.* (1901), 134 Cal. 91, 93 [66 P. 72].) Defendant claims that by this instruction the court put undue emphasis upon ''chief marine engineer'' and thereby limited the jury to consideration of plaintiff's earning capacity as a chief marine engineer whereas there was evidence from which the jury could have inferred that plaintiff no longer was regularly employed as a seagoing chief marine engineer and was engaged as a relief engineer of ships while in port, at considerably less compensation.

We do not think the instruction is reasonably susceptible to that interpretation. It immediately followed this instruction: ''One of the elements of damage referred to in the previous instruction was compensation for loss of earning power. In fixing this amount, you may consider what plaintiff's physical abilities and earning power were before the accident and what they are now, the extent and nature of his injuries, whether or not they are reasonably certain to be permanent, or if not permanent, the extent of their duration, all to the end of determining the effect of his injuries upon his future earning capacity and the present value of the loss so suffered.'' They should be read together, as a single instruction. Thus read, we do not think the portion which defendant criticizes has the limiting effect claimed for it.

The reference to ''chief marine engineer'' had a natural basis in the evidence. Plaintiff was employed as relief engineer at the time of the accident. He testified that he was only temporarily engaged as relief engineer; on account of his wife's illness he stayed at home for a time and only took duty once in a while. The jury had a right to know that the measure of damages was not limited to the effect, if any, of the injury upon plaintiff's earning power in the work he happened to be doing at the time of the accident.

Nor was there undue emphasis upon loss of earning power, if any, as an element of damages. The instructions above quoted immediately followed appropriate instructions (to which defendant has taken no exception) on compensatory damages in general, loss of time during disability, pain and

suffering, and mental suffering, with a general caution to the jury not to single out any individual instruction but to consider them as a whole, each in the light of all the others.

Concerning the claim of excessive damages, we are confronted with the fact that the trial judge has given it special consideration, has determined the award was excessive to the extent of $2,000, and has reduced it by that amount. When he did that he acted in the capacity of thirteenth juror, weighing the evidence and determining its worth. It would take a very clear case for a reviewing court to disturb that determination. When we look at the evidence we cannot say that he was wrong. As chief marine engineer plaintiff earned $1,000 a month, plus maintenance, room and board while on board ship or $315 a month on shore. At the time of trial he was receiving $2.75 an hour as relief engineer. During the four-month period that he was under the care of a doctor he received $1,000 as a relief engineer. There was evidence of impairment. Two seagoing trips since the accident, covering a period of several months, convinced plaintiff that the impaired use of his hand seriously handicapped him in the performance of the attendant duties. His loss of grip in the injured hand impaired his ability to climb up and down the ship's ladders, some of which are vertical and some have a pitch of 45 to 60 degrees. There was medical testimony of a considerable impairment of the right hand (he is right-handed), that it is permanent, and that on account of the weakness of the grip plaintiff's fear of using a vertical ladder is well founded.

Attention has been directed to the minute order which conditionally granted a new trial "on grounds of excessive damages appearing to have been given under the influence of passion or prejudice and insufficiency of the evidence to justify the verdict." At oral argument counsel discussed this order upon the assumption, it would seem, that a verdict "given under the influence of passion or prejudice" could only be set aside, not reduced, and that there was here presented a question whether the trial court really meant what this order seems to say. That is not a correct view of the situation. It was early held that "an excessive verdict implies no misconduct of the jury necessarily, but simply that the result has been induced through excited feelings or prejudice, of which the jury may not, perhaps, have been even aware, but which has, nevertheless, precluded an im-

partial consideration of the evidence.'' (*Harrison* v. *Sutter St. Ry. Co.*, 116 Cal. 156, 162 [47 P. 1019].) ▮ "To say that a verdict has been influenced by passion and prejudice is but another way of saying that the verdict exceeds any amount justified by the evidence.'' (*Zibbell* v. *Southern Pac. Co.*, 160 Cal. 237, 254 [116 P. 513].)

▮ ''Whatever may be the rule which should govern the trial judge, it is certain that when his action in granting a new trial on the ground of excessive damages, or requiring a reduction of the amount as the condition of denying one, comes to be reviewed on appeal, his order will not be reversed unless it plainly appears that he abused his discretion; and the cases teach that when there is material conflict of evidence regarding the extent of damage the imputation of such abuse is repelled, the same as if the ground of the order were insufficiency of the evidence to justify the verdict.'' (*Doolin* v. *Omnibus Cable Co.*, 125 Cal. 141, 144-145 [57 P. 774]; quoted with approval in *Koyer* v. *McComber*, 12 Cal.2d 175, 180 [82 P.2d 941], which in turn was approved in *Sinz* v. *Owens*, 33 Cal.2d 749, 760-761 [205 P.2d 3, 8 A.L.R.2d 757].)

Upon this record we cannot substitute our judgment for that of the trial judge and say as a matter of law that the amount of the verdict as reduced by him is excessive.

▮ During the redirect examination of the plaintiff his counsel asked him if he was on the dock a couple of weeks after the accident. Defense counsel objected. The court asked plaintiff's counsel the purpose of this line of inquiry and he said it was to show the condition of lights subsequent to the accident, that ''lights had been installed,'' that ''they had made an installation.'' Defendant's counsel objected to this remark and moved it be stricken. The court ruled it ''may go out'' and instructed the jurors ''to disregard it.'' Later, the court gave the usual instructions to disregard any testimony stricken by order of the court and to disregard statements, if any, made by the attorneys not supported by the evidence. In view of this and the fact that the same point was presented to the court below upon motion for new trial and overruled, we do not believe that defendant's case was prejudiced in the minds of the jury by this brief stricken statement of plaintiff's counsel.

The judgment is affirmed.

Peters, P. J., and Bray, J., concurred.