CHARLES A. MENNE, Appellant, v. P. J. FRIERMUTH COMPANY (a Corporation) et al., Respondents.

B. M. Bainbridge, George A. Work and A. H. Carpenter for Appellant.

J. B. Freeman and Gumpert & Mazzera for Respondents.

PULLEN, P. J.—This is an action brought to recover damages against the defendants for the malicious prosecution of plaintiff on a charge of petit theft, upon the trial of which a jury found the defendant not guilty. This action for damages for malicious prosecution was filed as a result thereof, and a jury rendered a verdict in favor of plaintiff in the sum of $2,500.

Thereafter the defendants moved for a new trial on the grounds of insufficiency of evidence to support the verdict, excessive damages and errors of law occurring at the trial.

The trial court granted a new trial and plaintiff is appealing from that order.

 Mr. Justice Van Fleet, in the case of *Harrison* v. *Sutter Street Ry. Co.*, 116 Cal. 156 [47 Pac. 1019, 1020], so clearly expresses the power and scope of an appellate court on a motion for a new trial, that we quote the following:

"That the granting of a new trial is a thing resting so largely in the discretion of the trial court that its action in that regard will not be disturbed except upon the disclosure of a manifest and unmistakable abuse has become axiomatic, and requires no citation of authority in its support. It is true that such discretion is not a right to the exertion of the mere personal or arbitrary will of the judge, but is a power governed by fixed rules of law, and to be reasonably exercised within those rules, to the accomplishment of justice. But so long as a case made presents an instance showing a reasonable or even fairly debatable justification, under the law, for the action taken, such action will not be here set aside, even if, as a question of first impression, we might feel inclined to take a different view from that of the court below as to the propriety of its action. More especially is this true where, as here, the question rests largely in fact, and involves the proper deduction to be drawn from the evidence. The opportunities of the trial court, in such instances, for reaching just conclusions are, as a general thing, so superior to our own, that we will not presume to set our judgment against that of the former where there appears any reasonable room for difference. . . .

"As to the suggestion that the evidence touching 'the amount of damages' was without conflict, we are not wholly certain that we appreciate exactly what counsel means. There was no evidence given as to the amount of the damages suffered. The damages sued for were in their nature unliquidated, and no witness pretended to fix the precise amount plaintiff should recover. . . .

"But appellant urges that it is only where the verdict is so grossly disproportionate to any reasonable limit of compensation warranted by the facts, as to shock the sense of justice, and raise at once a strong presumption that it is based on prejudice or passion rather than sober judgment, that the judge is at liberty to interpose his judgment as

against that of the jury; and that such an instance is not shown. The rule invoked is correct, as addressed to the function of the trial court, or when asking this court to set aside the verdict where it has been refused by the court below. But when we are asked to review the act of that court, where in the exercise of its discretionary power it has seen fit to set aside the verdict on this ground, a very different rule prevails. Every intendment is to be indulged here in support of the action of the court below, and, as elsewhere suggested, it will not be disturbed if the question of its propriety be open to debate.''

 Respondents, in justifying the new trial, point to errors of the court in ruling on the admissibility of evidence and contend also the evidence was insufficient to sustain the verdict against the corporate defendants or defendant George P. Friermuth, in that there was no evidence in the record to show by what authority, if any, defendant Greer acted in respect to the prosecution which formed the basis of the case at bar.

We have read the transcript and agree with respondents that the evidence connecting the defendants other than Greer with the criminal prosecution is insufficient to justify a judgment as against them. We also believe the instructions of the court dealing with malice and probable cause under the rule as enunciated in *Ball* v. *Rawles*, 93 Cal. 222 [28 Pac. 937, 27 Am. St. Rep. 174], are sufficient to justify the trial court in the granting of a new trial.

The trial judge having seen and heard the witnesses was authorized and required by law to weigh the sufficiency of the evidence to sustain the verdict. He may not have been impressed, as one must be who reads only the cold record, with the utter disregard of the rights of plaintiff evinced by defendant Greer, but he may also have doubted the sincerity of the testimony of opposing witnesses; it is not for us to speculate. We find no abuse in the exercise of the discretion vested in the trial court.

The order granting a new trial is hereby affirmed.

Plummer, J., and Thompson, J., concurred.