[Civ. No. 6468. Third Appellate District.—January 31, 1941.]

VINCIL ANDERSON, Respondent, v. EDWARD F. LANG, Appellant.

726

Gerald M. Desmond for Appellant.

Manwell & Manwell for Respondent.

MONCUR, J., *pro tem.*—This is an action on the part of plaintiff and respondent Vincil Anderson to recover damages from defendant and appellant for personal injuries incurred by respondent as the result of a collision between an automobile in which respondent was riding and one driven by defendant and appellant.

The following is a sufficient statement of the facts for the purpose of a decision upon this appeal.

On June 21, 1938, plaintiff was riding in an automobile driven by one Oscar Benton, a fellow employee of the Pacific Gas & Electric Company, who was driving south on a rural highway in Sutter County, known as Township Road. The automobile driven by appellant Lang was proceeding easterly on the highway known as Franklin Road. The two roads intersect at right angles, and the collision occurred east of the intersection at about 10 o'clock in the morning. Respondent and Benton were the only occupants of the Pacific Gas & Electric Company's automobile, and appellant was the sole occupant of the automobile which he was driving at the time of the accident.

The trial was before the court and jury, and after verdict by the jury and judgment thereon in favor of defendant, appellant herein, the trial court granted plaintiff's motion for a new trial upon the grounds stated in the motion, including that of the insufficiency of the evidence to justify the verdict, and that the verdict is against law; and it is from the order granting the motion that this appeal has been taken.

The question for determination is whether there was an abuse of discretion on the part of the trial court in granting the motion. It is conceded that the question of contribu-

tory negligence on the part of Oscar Benton, the driver of the Pacific Gas & Electric Company automobile, is not involved in this appeal. It is the contention of appellant that it appears from the evidence as a matter of law that there was no negligence on the part of appellant Lang, which was the proximate cause of the accident and the resulting injuries to respondent. With this contention we do not agree. An examination of the record discloses that there was a substantial conflict in the evidence in many material respects. The intersection was an unobstructed one under the provisions of the Vehicle Code of this state.

Appellant Lang testified that before entering the intersection he looked to the right and left and did not see any automobiles approaching. Both respondent and Benton testified that they saw appellant Lang approaching the intersection but that he did not appear to be looking or to see them approaching. ▆ It was the duty of both drivers of the automobiles to look for approaching automobiles before entering the intersection. If appellant Lang looked, as he testified that he did, he should have seen the approaching automobile in which respondent was riding. Either he did not look, or having looked, did not see that which was plainly to be seen. Also there is a sharp conflict as to the speed of the two automobiles, and as to which entered the intersection first.

▆ The law of this state concerning appeals in matters of this kind is so well settled that it scarcely requires the citation of authorities in connection with the law in this respect. Both appellant and respondent cite the case of *Harrison* v. *Sutter Street Railway Co.*, 116 Cal. 156, and we quote as follows from that case, at page 161 [47 Pac. 1019]:

"That the granting of a new trial is a thing resting so largely in the discretion of the trial court that its action in that regard will not be disturbed except upon the disclosure of a manifest and unmistakable abuse has become axiomatic, and requires no citation of authority in its support. It is true that such discretion is not a right to the exertion of the mere personal or arbitrary will of the judge, but is a power governed by fixed rules of law, and to be reasonably exercised within those rules, to the accomplishment of justice. But so long as a case made presents an instance showing a reasonable or even fairly debatable justification, under the law, for the action taken, such action will not be here set aside, even if, as a question of first impression, we might feel inclined to take

a different view from that of the court below as to the propriety of its action. More especially is this true where, as here, the question rests largely in fact, and involves the proper deduction to be drawn from the evidence. The opportunities of the trial court, in such instances, for reaching just conclusions are, as a general thing, so superior to our own, that we will not presume to set our judgment against that of the former, where there appears any reasonable room for difference.''

The foregoing has been cited with approval by the Supreme and Appellate Courts of this state in many instances. It will suffice to refer to two of those cases, both of which have been cited in the instant case. (*Koyer* v. *McComber*, 12 Cal. (2d) 175 [82 Pac. (2d) 941], and *Menne* v. *P. J. Friermuth Co.*, 130 Cal. App. 106 [19 Pac. (2d) 535].)

The appeal in the case of *Koyer* v. *McComber, supra,* cited and relied upon by appellant, was before the District Court of Appeal in the first instance, and the decision therein appears in (Cal. App.) [75 Pac. (2d) 89]. In that case there was an order granting a motion for a new trial. The District Court of Appeal reversed the trial court. A hearing was granted by the Supreme Court, and that court affirmed the trial court's order granting a new trial. Therein concerning the question of the insufficiency of the evidence the Supreme Court, at page 183, said:

''We think it unnecessary to discuss the further ground upon which the motion for a new trial was granted—that is, that the evidence was insufficient to justify the verdict finding the defendants guilty of fraud in said transaction. Conceding that there was sufficient evidence to support the verdict as to all answering defendants, it is apparent that there was a substantial conflict in this evidence (respecting the class of building of an apartment house). . . . This conflict was evidently resolved by the trial court in favor of the defendants and, as shown by the authorities heretofore cited, all intendments are to be indulged in by a reviewing court in support of the action of a trial court in passing upon a motion for a new trial, and it will not be disturbed if the question of its propriety be open to debate.''

Appellant cites and relies upon the case of *Chase* v. *Jonkey,* 12 Cal. App. (2d) 365 [55 Pac. (2d) 1229], and cases therein cited. Those cases involve appeals from judgments after denials of motions for new trials. The rule as set forth in said

decisions and invoked herein is correct, but cannot be applied in the situation herein existing. In the case of *Menne* v. *Friermuth, supra,* at page 108, the Appellate Court quotes from the case of *Harrison* v. *Sutter Street Railway Co., supra,* as follows:

"The rule invoked is correct, as addressed to the function of the trial court, or when asking this court to set aside the verdict where it has been refused by the court below. But when we are asked to review the act of that court, where in the exercise of its discretionary power it has seen fit to set aside the verdict on this ground, a very different rule prevails. Every intendment is to be indulged here in support of the action of the court below, and, as elsewhere suggested, it will not be disturbed if the question of its propriety be open to debate."

We are satisfied that the trial court was well within the proper exercise of its discretion in granting the motion for a new trial, and its order is therefore affirmed.

Thompson, Acting P. J., and Tuttle, J., concurred.