[Civ. No. 12610. First Dist., Div. Two. Mar. 27, 1944.]

MAJOR ROBERT HENRY SIMPSON, Appellant, v. BRIGADIER FRANK E. WILMER et al., Respondents.

Belli & Leahy and Melvin M. Belli for Appellant.

Hubbard & Hubbard for Respondents.

SPENCE, J.—Plaintiff sought damages for personal injuries which he claimed were sustained when defendants ejected him from a meeting of the Salvation Army on March 19, 1942. Following a trial by jury, judgment in the sum of $6,000 was entered in favor of plaintiff and against defendants. Defendants moved for a new trial and the trial court granted said motion "on the ground that damages allowed by the jury are excessive." Plaintiff appeals from the order granting the new trial.

This action apparently represents but one phase of the general controversy between plaintiff and defendants arising out of the discharge of plaintiff from the Salvation Army in 1940. Plaintiff testified that he had not been gainfully employed since October, 1940, but had spent his time in pursuing his claimed rights against the Salvation Army. He further testified that "Continuously and almost as a daily occurrence since that time I have picketed the Salvation Army and its meetings and have displayed in public throughout the City and County of San Francisco various signs and placards concerning the Salvation Army."

Prior to March 19, 1942, plaintiff had been requested by defendants to remain away from the meetings held in the hall from which he was ejected. When he appeared in the meeting hall that evening, he was requested by defendants to leave but he refused to do so. He was ejected by defendants from the meeting hall at about 7:45 p. m. He immediately went to a saloon where he had left a banner which he had used for the purpose of picketing and thereafter he picketed the meeting until it closed at about 10:30 or 11 p. m.

Plaintiff's testimony was in conflict with that of all other witnesses regarding the manner in which plaintiff was ejected from the hall but it is undisputed that plaintiff was not harmed sufficiently to prevent him from picketing the meeting place for several hours. Plaintiff was not examined by a doctor until two days later and he has not sought or had any treatment at any time for his alleged injuries. There was no testimony concerning any special damages. The testimony offered by plaintiff showed that he had sustained certain bruises but the only consequential injury claimed was a

hernia. The expert testimony was in direct conflict as to whether the hernia was caused by any act of defendants. Plaintiff testified that he had worn a truss since consulting the doctor two days after being ejected and that he had had no pain while wearing the truss. The undisputed evidence showed that the entire cost of repairing the hernia, whatever may have been its cause, would not have exceeded $300 and that plaintiff was in excellent physical condition to undergo the operation.

Plaintiff contends that the order granting the new trial on the ground of excessive damages should be reversed as "there is no evidence nor any basis for the court's ruling that the verdict was a result of jury passion or prejudice." We find no merit in this contention. As above indicated, there was a conflict in the evidence regarding the manner in which plaintiff was ejected and regarding the extent of the injuries which he sustained. Under these circumstances the trial court had a wide discretion in determining whether a new trial should be granted on the ground of excessive damages and we find nothing in the record to indicate that the trial court abused its discretion in granting the motion.

The authorities on the general subject are exhaustively reviewed in *Koyer* v. *McComber*, 12 Cal.2d 175 [82 P.2d 941] and the rules governing the action of the trial and appellate courts are clearly enunciated. It was there said on page 181, "These authorities unequivocally hold that it is within the sound discretion of the trial court in ruling upon a motion for a new trial on the ground of excessive damages, to grant the same when there is a substantial conflict in the evidence regarding the extent of the damage." And on page 182, the court said, "The rule established by the decisions of this court appears to be that a trial court may, when there is a conflict of evidence upon the issue of damages, grant a motion for a new trial on the ground that the verdict is excessive, even if it does not appear to the trial court that the verdict was given under the influence of passion or prejudice, but, when a court has denied a motion for a new trial on the ground of excessiveness of the verdict, on appeal the reviewing court may not reverse the order or reduce the verdict except upon a showing that it is so grossly disproportionate to any reasonable view of the evidence as to raise

a strong presumption that it is based upon prejudice or passion.''

Plaintiff's only reply to the authorities which are cited by defendants and which are reviewed in *Koyer* v. *McComber, supra,* is that said authorities were decided prior to the 1939 amendment to section 657 of the Code of Civil Procedure. (Stats. 1939, p. 2234.) That amendment merely required that the order granting a new trial should be in writing in certain cases and we find nothing in said amendment affecting the applicability of the rules above set forth.

Plaintiff further suggests that if this court does not see fit to reverse the order granting a new trial, this court ''should give either an option to remit or order a trial solely on the issue of damages.'' Assuming, without deciding, that this court has the power to grant such relief on an appeal from an order granting a new trial, we do not believe that it is appropriate to grant such relief under the circumstances presented by the record before us.

The order granting the motion for a new trial is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.