[Civ. No. 17125.   Second Dist., Div. Two.   Nov. 22, 1949.]

WILLIAM R. GOODMAN, Plaintiff and Appellant, v. THE ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY (a Corporation) et al., Defendants and Appellants.

John M. Ennis for Plaintiff and Appellant.

Robert W. Walker and Louis M. Welsh for Defendants and Appellants.

McCOMB, J.—These are appeals (1) by plaintiff from an order granting defendants' motion for a new trial, and (2) by defendants from (a) a judgment entered in favor of plaintiff, and (b) an order denying defendants' motion for a judgment notwithstanding the verdict.

FACTS: Plaintiff brought an action for false arrest and imprisonment against defendants. After trial before a jury a verdict was returned in favor of plaintiff in the sum of $8,500. The trial court granted defendants' motion for a new trial on the ground of the insufficiency of the evidence to justify the verdict.

I—PLAINTIFF'S APPEAL:

QUESTION: *Did the trial court abuse its discretion in granting defendants' motion for a new trial?*

This question must be answered in the negative and is governed by these rules: ▉ (1) In passing upon a motion for a new trial predicated on the insufficiency of the evidence, it is the exclusive province of the trial court to judge the credibility of the witnesses, determine the probative force of testimony, and weigh the evidence. (*Brooks* v. *Metropolitan Life Ins. Co.*, 27 Cal.2d 305, 307 [163 P.2d 689].)

▉ (2) An appellate court will reverse the trial court's determination of a motion for a new trial on the insufficiency of the evidence only where it can be said as a matter of law that there is no substantial evidence to support a contrary judgment (*Brooks* v. *Metropolitan Life Ins. Co., supra*).

▉ The evidence discloses that plaintiff had been employed for three years by defendant railroad; that he was arrested by the Los Angeles police on May 29, 1947, and held in jail until Saturday, May 31, 1947. Clearly it was a matter for the determination of the trial court whether plaintiff had suffered damages in the amount of $8,500 as a result of his false arrest and detention in jail for two days. We cannot say that in determining such an award was excessive, the trial judge abused his discretion. (*Parker* v. *Brown*, 13 Cal.App. 2d 501, 505 [57 P.2d 183]; *Simpson* v. *Wilmer*, 63 Cal.App. 2d 501, 503 [146 P.2d 933]; *Koyer* v. *McComber*, 12 Cal.2d 175, 182 [82 P.2d 941]; *Sinz* v. *Owens*, 33 Cal.2d 749, 761

[205 P.2d 3].) Therefore the order granting the motion for a new trial must be affirmed.

II—Defendants' Appeals:

In view of the fact that the order granting defendants' motion for a new trial has been affirmed, the judgment in the trial court is a nullity. Hence defendants' appeals must be dismissed.

It is ordered: (1) that the order granting defendants' motion for a new trial is affirmed, and (2) defendants' appeal from (a) the judgment and (b) the order denying the motion for a judgment notwithstanding the verdict is dismissed.

Moore, P. J., concurred.

Wilson, J., concurred in the judgment.