[Civ. No. 18474. Second Dist., Div. Three. Feb. 28, 1952.]

THE PEOPLE, Respondent, v. ONE 1947 CADILLAC 4-DR. SEDAN ENGINE NO. 8433320, Defendant; MILTON T. SHAFER, Appellant.

A. Brigham Rose for Appellant.

Edmund G. Brown, Attorney General, and Stanford D. Herlick, Deputy Attorney General, for Respondent.

WOOD (Parker), J.—Action for the forfeiture of an automobile to the state. The Notice of Seizure and Intended Forfeiture Proceedings, filed by the attorney general, alleged that the automobile was seized on October 17, 1949, by the Division of Narcotic Enforcement pursuant to section 11611 of the Health and Safety Code; that the automobile was used to unlawfully transport heroin.

In a trial without a jury, the court found that the automobile was owned by Milton T. Shafer, and that the automobile was not used unlawfully as charged. Judgment was that the automobile be released to said Shafer.

Plaintiff made a motion for a new trial upon the grounds that the judgment is contrary to the evidence and the law, and that the court committed error in the exclusion of evidence. On March 31, 1950, as shown by a minute order of that date, the motion for a new trial was granted upon the ground that the judgment is contrary to the evidence. On April 4, 1950, the trial judge signed and filed an order which specified in part that plaintiff's motion for a new trial "is hereby granted upon the ground of the insufficiency of the evidence to sustain the judgment." Shafer appeals from the order granting the motion for a new trial.

Appellant contends that the court abused its discretion in granting a new trial. At the trial, and just preceding the announcement of the decision in favor of Shafer, the trial judge said that he did not believe the three police officers who were called as witnesses by the plaintiff. Appellant argues that since the trial judge "in the pronouncement of the reasons for his decision" made it clear that he did not believe the witnesses produced by the plaintiff, he did not have the right, upon the hearing of the motion for a new trial, to change his original conclusions in the absence of a clear "augmentation by way of evidentiary matter." On cross-examination, the deputy attorney general asked Shafer if he had been convicted of a felony, and he replied that he had not been so convicted. Thereupon the deputy attorney

general offered in evidence a certified copy of "a judgment of conviction" in the United States District Court. Shafer's counsel objected to the offer upon the ground that it did not appear that the judgment was final. Upon *voir dire* examination of Shafer, by his counsel, Shafer testified that he had been involved in a proceeding in the United States District Court and that after "the pronouncement" by the court in that case he had taken an appeal. The said objection was sustained, and the certified copy was marked Exhibit 4 for identification. ▮ At the hearing of the motion for a new trial the deputy attorney general argued that the court erred in not receiving Exhibit. 4 for identification in evidence, and he then offered to stipulate that said exhibit for identification be introduced in evidence—as long as it appears in the record that it was a conviction under the federal Narcotics Act. The judge said that he was in error in rejecting the said offer on the ground that an appeal was pending. Counsel for Shafer accepted the stipulation offered by the deputy attorney general. Thereupon Exhibit 4 for identification was received in evidence. It thus appears that there was additional evidence to be considered in determining whether there should be a forfeiture of the automobile.

Irrespective, however, of whether there was additional evidence, the trial court was empowered and required, upon the hearing of the motion for a new trial, to reconsider and reweigh all the evidence which was before the court at the trial. Even if a trial judge should say, at the time of deciding a case, that he did not believe certain witnesses, he might conclude, upon reviewing all the evidence upon a motion for a new trial, aided by references to the reporter's transcript or by other methods of refreshing memory, that by reason of his inadvertence or misunderstanding of testimony he had erred in judging the credibility of witnesses. Under such circumstances, the judge is afforded an opportunity in the exercise of sound discretion to correct the error by granting a new trial. Counsel for Shafer argues, however, to the effect that since a jury cannot change its verdict, a judge who decides the facts should not be permitted to change his unequivocally expressed decision as to the facts. It is the judge, and not the jury, who is authorized by statute to grant a new trial. In *Mercantile Trust Co.* v. *Sunset Road Oil Co.*, 176 Cal. 451 [168 P. 1033], wherein the trial was without a jury, there was a finding that certain bonds were not fraudulently issued, which finding was contrary to the

contention of the Kern Valley Bank. ▇ A motion for a new trial therein was granted, and on appeal the court said (p. 456): "In deciding a motion for a new trial the court below has large discretionary power. . . . In considering the evidence upon such motion that court has power to draw inferences from the evidence opposed to those which were drawn by it upon the trial, provided they are not unreasonable. . . . This court must uphold the order if any ground upon which it might have been granted is supported by the record. We are, therefore, bound to assume that the court, upon its last consideration of the evidence, believed that the inferences in favor of the Kern Valley Bank should prevail, rather than those against it, and we cannot say that this was an abuse of discretion."

The principles of law applicable to an appeal from an order granting a motion for a new trial are stated in *Sweeley* v. *Leake*, 87 Cal.App.2d 636, 640 [197 P.2d 401]. The trial court herein did not abuse its discretion.

The order granting a new trial is affirmed.

Shinn, P. J., and Vallée, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 24, 1952.