[Civ. No. 4589.   Fourth Dist.   Aug. 6, 1953.]

ALICE GAINEY, Appellant, v. JOHN GAINEY, Respondent.

Clinton F. Jones for Appellant.

George A. Westover and E. V. Cavanagh for Respondent.

MUSSELL, J.—This is an action for separate maintenance. Plaintiff married one Arthur Polk in Genessee County, Michigan, on or about April 12, 1935. Soon thereafter the parties to this marriage separated and did not live together thereafter. In 1936 plaintiff met the defendant herein in Flint, Michigan. They then went to Ohio, and settled near Youngstown. Plaintiff and defendant there bought and sold real property together as "husband and wife." They were known in the community

as Mr. and Mrs. Gainey and held themselves out as husband and wife. In 1943 plaintiff and defendant returned to Michigan, where they continued to live together as husband and wife. In 1944 they came to California and lived together in San Diego until 1948. On February 10th of that year they separated and executed a property settlement agreement in which they acknowledged that they lived together for approximately 12 years as man and wife and that a marriage had never taken place between them. About six months after this separation the parties again lived together for approximately three weeks, separating permanently in August, 1948.

This action was filed on April 22, 1952. An order to show cause was issued and the trial of the action was commenced on May 15, 1952. Plaintiff testified that she married Arthur Polk in 1935 and that in 1939 he secured a divorce from her and that she had not seen Mr. Polk since; that she received copies of the divorce papers in 1939 and that the date of the divorce was February 6, 1939; and that the defendant had the papers in his possession and read them. However, plaintiff also testified that she did not have copies of the divorce papers; that she did not remember what court granted the divorce; that she did not remember whether the papers which she received were certified or not and stated that she was never served with a complaint by her husband. No further proof as to the claimed existence of the divorce decree was offered in evidence.

The trial court found, in part, ''that no impediment existed preventing the plaintiff and defendant from consummating their marriage while they resided in Ohio in 1939, and that when they came to California in 1943, they had the status of husband and wife.''

The cause was apparently tried on the theory that a presumption of validity attached to the Gainey common law marriage. ▪ The trial court's finding was supported by the presumption which is stated in *Estate of Smith*, 33 Cal.2d 279, 281 [201 P.2d 539], as follows:

''It is well established that when a person has entered into two successive marriages, a presumption arises in favor of the validity of the second marriage, and the burden is upon the party attacking the validity of the second marriage to prove that the first marriage had not been dissolved by the death of a spouse or by divorce or had not been annulled at the time of the second marriage. (Citing cases.) That burden is sustained if the evidence, in the light of all reasonable in-

ferences therefrom, shows that the first marriage was not so dissolved or annulled.'' (Citing cases.)

The court further found that the parties had entered into a separation agreement on February 10, 1948, releasing their claims against each other, but that thereafter, in July and August of that year, they resumed living together as husband and wife and that such resumption cancelled the executory obligations of the separation agreement. This finding is supported by substantial evidence and is not herein seriously attacked.

Following the entry of judgment for plaintiff, defendant filed notice of intention to move for a new trial on the grounds of irregularity in the proceedings; accident or surprise; newly discovered evidence, material for the defendant, which he could not with reasonable diligence have discovered and produced at the trial; insufficiency of the evidence to justify the judgment; and error in law occurring at the trial and excepted to by the defendant.

In support of this motion defendant filed his affidavit, stating in substance that he was not personally acquainted with said Arthur Polk; that he had made numerous inquiries and had been unable to learn Polk's place of residence; that he had made inquiries in the state of Michigan in various counties to ascertain whether there was on record an action for divorce or annulment or other proceedings terminating the marriage of plaintiff to said Polk; that on numerous occasions plaintiff had informed him that she was not divorced from Polk and that he relied upon such statements and did not therefore ask for a continuance of the case at the time of trial; that since the trial of the action he has made numerous inquiries and has received through the mail certificates of clerks of various courts in Michigan, Ohio, Illinois and Iowa certifying that no such divorce or annulment appears in the records of their respective courts; that he has recently located individuals in Flint, Michigan, who were acquainted with the said Polk and secured affidavits from them stating that they had recently talked with the said Arthur Polk, who, at that time stated to them that he knew of no divorce or annulment or other termination of the marriage with the plaintiff herein and that he had never instituted any action for the purpose of terminating said marriage; that within the last several days he was able to locate the said Arthur Polk and has received an affidavit from him.

The affidavit of Arthur LaVerne Polk, which was attached to defendant's affidavit, is dated July 22, 1952, and Polk states therein that he married plaintiff in Flint, Michigan, on April 12, 1935, and "that at no time, or at all, has he ever filed for or obtained any decree of divorce or annulment from the said Alice Sophronia Haywood Polk; that he has no knowledge or has he ever been notified in any manner of any action for divorce or annulment applied for or granted, by the said Alice Sophronia Haywood Polk, against him. So far as he knows at this time, he is still married to the said Alice Sophronia Haywood Polk."

The other affidavits attached to that of the defendant show that the affiants are acquainted with the said Arthur Polk and that he had stated to them that he was not divorced from the plaintiff herein.

The statements made in these affidavits filed by the defendant were not contradicted by affidavits filed by the plaintiff, or otherwise.

The trial court granted defendant's motion for a new trial on the ground of the insufficiency of the evidence to sustain the findings and judgment and ordered a new trial on all issues. Plaintiff appeals from this order and first contends that defendant, at the time of his motion for a new trial, abandoned all grounds for a new trial except surprise and newly discovered evidence. This contention is based on the statements of counsel for defendant in his oral argument on the motion.

■ It is true, as stated by plaintiff, that defendant's counsel argued that the motion should be granted on the grounds of newly discovered evidence and surprise and stated that he did not think he was arguing the weight of the evidence. However, when asked by the court if the motion was on the' grounds of newly discovered evidence and not errors of law, he replied, "That is about right. I haven't raised the question of error at the trial. I might question the judgment, but I raise no question of any error." He did not state that he was abandoning his rights to a new trial on the ground of insufficiency of the evidence and we cannot hold as a matter of law that his remarks deprived the court of its right to consider the motion on any or all of the grounds stated in the notice of motion. ■ Insufficiency of the evidence to justify the judgment was stated as one of the grounds in the notice of motion and it was not necessary to specify in detail the respects in which it was claimed that the evidence was in-

sufficient. (*Sanders* v. *Toberman,* 192 Cal. 13, 15 [218 P. 394].) Counsel's statement that he might question the judgment indicates that he was not waiving his rights in that respect.

Plaintiff also argues that it was an abuse of discretion for the court to grant defendant's motion for a new trial on the grounds of insufficiency of evidence. This argument is without merit. ▇ The trial court was empowered and required, upon the hearing of the motion for a new trial, to reconsider and reweigh all of the evidence which was before it at the trial, and had power to draw inferences from the evidence opposed to those which were drawn by it at the trial, provided that they were not unreasonable. (*People* v. *One 1947 Cadillac,* 109 Cal.App.2d 504 [240 P.2d 1035].) ▇ The order must be here upheld if any ground upon which it might have been granted is supported by the record. (*Mercantile Trust Co.* v. *Sunset etc. Co.,* 176 Cal. 451, 456 [168 P. 1033].)

▇ In the instant case there was a conflict in the evidence at the trial as to whether plaintiff had been divorced from her husband, Arthur Polk. After considering the affidavits filed by defendant in support of his motion, particularly the affidavit of Arthur Polk, stating that he had not secured a divorce from plaintiff, it was apparent to the trial court that ''justice had miscarried.'' Upon reviewing and reconsidering the evidence, the court then granted the motion for a new trial on the ground of insufficiency of the evidence. Where, as here, the evidence was conflicting and there is evidence in the record which would support a judgment for the moving party, we cannot hold that the trial court abused its discretion in granting the motion. (*Hames* v. *Rust,* 14 Cal.2d 119, 124 [92 P.2d 1010] ; *Sweeley* v. *Leake,* 87 Cal.App.2d 636, 640 [197 P.2d 401].)

The order granting a new trial is affirmed.

Barnard, P. J., and Griffin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 1, 1953.