[Civ. No. 4866.   Fourth Dist.   Sept. 23, 1954.]

DALKA GILL et al., Respondents, v. ROSE BRICKMAN Appellant.

Levenson, Levenson & Block for Appellant.

Dalka Gill, in pro. per., for Respondents.

MUSSELL, J.—Plaintiff Dalka Gill and George Gill (hereinafter referred to as Gill) were married in 1923 in Poland. There was one child the issue of this marriage, born January 15, 1924, and named Joseph. When the child was a few months old, Gill came to the United States. After remaining here about two and one-half years, he returned to Poland. In 1929 he brought his wife and child to New York and lived there with them until 1930. During that year he deserted plaintiff and the child in Brooklyn, New York. Plaintiff Dalka Gill did not see Gill or hear from him thereafter and she procured a divorce in 1950.

Gill and Sarah Brickman were married in San Diego March 20, 1932. They operated a small secondhand store and tailor shop in San Diego until 1937, when their marriage was dissolved by divorce. Gill went "east" for about a year. He returned to San Diego and remarried Sarah Brickman on January 17, 1938. In the marriage certificate of March 20, 1932, Gill stated that he was single and that it was his first marriage, and in the certificate of January 17, 1938, he stated that he was divorced and stated the number of marriages as two.

Gill died intestate in San Diego July 24, 1948, and his estate was probated by Sarah Gill as his widow. She also obtained an order terminating joint tenancies in connection with the probate proceedings. On September 13, 1949, Sarah Gill died, leaving all her property by will to her brother, Louis. Louis died in April, 1951, after conveying all his property to his wife, Rose Brickman.

On December 29, 1951, plaintiffs filed this action to obtain a judgment declaring them to be the legal widow and son, respectively, of George Gill, deceased, and declaring them to be entitled to all of the assets of the estate of decedent. Plaintiffs also prayed for an accounting and a declaration that defendants are in possession of certain assets as constructive trustees for the benefit of plaintiffs.

Trial was had by the court without a jury and the court found, inter alia, that it is true that Dalka Gill and George Gill were married in 1923; that it is not true that they continued to be husband and wife from said date until the death of said George Gill; that it is true that the said marriage between Dalka Gill and George Gill is presumed to have been dissolved by judicial decree; that it is true that there is not sufficient evidence before this court to overcome said presumption; that it is true that said George Gill died intestate in the City of San Diego, County of San Diego, State of California, on or about July 24, 1948; that letters of administration on the estate of George Gill were duly issued to Sarah Gill and that the order of distribution in said estate has never been appealed from, reversed or set aside; that it is not true that Sarah Gill knew of the existence or whereabouts of plaintiffs herein or of their relationship to the deceased and not true that said Sarah Gill knew that the said marriage between George Gill and Dalka Gill had never been dissolved by decree of divorce or otherwise; that Sarah Gill was the legal widow of George Gill, deceased, and entitled to all of the assets of his estate; that on October 7, 1949, the last will of Sarah Gill, deceased, was admitted to probate; that on or about April 28, 1950, by order of distribution all of the assets of the estate of Sarah Gill were distributed to Louis Brickman and said order was never appealed from, modified or set aside; that it is not true that Dalka Gill is the lawful widow of George Gill, deceased; that Sarah Gill married George Gill in good faith, without any knowledge on her part of the existence of Dalka Gill and without knowledge of the existence of any relationship between Dalka Gill and George Gill and continued

to live with him as his wife in good faith; that on September 3, 1948, the Superior Court of the State of California, in and for the County of San Diego, made its order in the matter of the estate of George Gill terminating joint tenancy and ordered distribution of the estate; that it is true that said order has never been appealed from, reversed or set aside, and that it is true that the said order is and for some time last past has been final; that all property, joint tenancy or otherwise, was accumulated and acquired by George Gill, deceased, and Sarah Gill, deceased, from and after their first marriage by and through their joint efforts and labor.

The court concluded that the marriage between George Gill and Dalka Gill was dissolved by judicial decree; that the marriages entered into between Sarah Gill and George Gill were valid marriages, and that even if said marriages were invalid, Sarah Gill was at all times until the death of George Gill, the putative wife of said George Gill; and that all of the property, real and personal, in the estate of George Gill, other than joint tenancy, was community property of the marriage between Sarah Gill and George Gill; and that plaintiffs have no interest in any of the assets of the estate of George Gill. Judgment was entered that plaintiffs take nothing and thereafter the trial court granted a new trial on the ground of insufficiency of the evidence to justify the decision and that the decision is against the law.

The sole question for our determination is whether the trial court abused its discretion in granting the motion for a new trial.

In *Mazzotta* v. *Los Angeles Ry. Corp.*, 25 Cal.2d 165, 169 [153 P.2d 338], the court said: "It is well settled that the granting of a motion for a new trial rests so completely within the discretion of the trial judge that an appellate court will not interfere with his action unless a manifest and unmistakable abuse of discretion clearly appears. (Citing cases.) . . . Upon an appeal from an order granting a new trial, all presumptions favor the order as against the verdict . . . and the order will be affirmed if it may be sustained on any ground. . . ."

In *Gainey* v. *Gainey*, 119 Cal.App.2d 564, 569 [259 P.2d 984], this court held that: "The trial court was empowered and required, upon the hearing of the motion for a new trial, to reconsider and reweigh all of the evidence which was before it at the trial, and had power to draw inferences from the evidence opposed to those which were drawn

by it at the trial, provided that they were not unreasonable. (*People* v. *One 1947 Cadillac*, 109 Cal.App.2d 504 [240 P.2d 1035].) The order must be here upheld if any ground upon which it might have been granted is supported by the record. (*Mercantile Trust Co.* v. *Sunset etc. Co.*, 176 Cal. 451, 456 [168 P. 1033].)''

This court also held in *Barcus* v. *Campbell*, 90 Cal. App.2d 768, 774 [204 P.2d 65], that: ''The trial court is not only authorized, but it is its duty, to grant a new trial whenever in its opinion the evidence upon which the former decision rests is insufficient to justify the decision, and its action in granting a new trial on this ground is discretionary to the extent that if any appreciable conflict exists in the evidence the court's action may not be disturbed on appeal.''

It was held in *Goodman* v. *Atchison, T. & S. F. Ry. Co.*, 94 Cal.App.2d 745, 746 [211 P.2d 310], that an appellate court will reverse the trial court's determination of a motion for a new trial on the insufficiency of the evidence only where it can be said as a matter of law that there is no substantial evidence to support a contrary judgment.

The trial court in the instant case found that the marriage between Dalka Gill and George Gill is presumed to have been dissolved by judicial decree and that the evidence was insufficient to overcome this presumption. On the motion for the new trial it was the province of the court to weigh the evidence and to draw inferences opposed to those drawn at the trial. (*Brooks* v. *Metropolitan Life Ins. Co.*, 27 Cal. 2d 305, 307 [163 P.2d 689].)

The evidence shows that Dalka Gill lived in New York for several years after her marriage to Gill; that she did not hear from him after 1930 and secured a divorce from him on May 8, 1950; that after his marriage in California, Gill, when told that his cousin was ready to report him for running away from his wife and son in New York, stated that he would try to make amends; that in his application for a license to marry Sarah Gill he stated it was his first marriage; that in 1948 he stated to the witness Eva Haskin that he couldn't get along with his first wife, that he had to disappear completely and that he was not divorced from her. There is no testimony in the record indicating that Gill ever claimed to have obtained a divorce from Dalka Gill and on the motion for a new trial it was shown by affidavits that a search of the records of New York county failed to disclose divorce proceedings between Dalka Gill and George Gill; that the National De-

sertion Bureau in New York endeavored to locate him and ascertained that he left his employment in Brooklyn on December 5, 1930, and reported they were unable to locate him; that a search of the records in Los Angeles and San Diego counties failed to disclose divorce proceedings between Dalka Gill and George Gill. We cannot hold as a matter of law that there is no substantial evidence to support an inference that the marriage of Dalka Gill and George Gill had not been dissolved by judicial decree. Likewise, we cannot say as a matter of law that there was no substantial evidence upon which to base a finding and judgment that the proof was sufficient to overcome the presumption as to the validity of the marriage of Sarah Gill and George Gill. There is also a conflict in the evidence as to when Sarah Gill first knew of the existence of the Dalka Gill marriage. However, there is substantial evidence that she knew of this marriage prior to the time she applied for letters of administration of the estate of George Gill and it does not appear that she caused notice of the probate proceedings to be given to the plaintiffs herein. It was alleged in the complaint that Sarah Gill fraudulently concealed facts in the probate proceedings and the trial court, after reviewing the evidence in this connection, may have drawn the inference that there was sufficient evidence to support these allegations.

The order granting a new trial is affirmed.

Griffin, Acting P. J., concurred.